```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

COLLEGE ENVY, LLC,              )
                                )
        Plaintiff               )
                                )       No. 3:15-0960
v.                              )       Senior Judge Haynes/Brown
                                )       **Jury Demand**
DIRTY WORLD, LLC,               )
                                )
        Defendant               )

**TO: THE HONORABLE WILLIAM J. HAYNES, JR.**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the Defendant's motion to change venue (Docket Entry 17) be granted and this case be transferred to the District of Arizona pursuant to the Court's inherent authority under the first-to-file rule or alternatively under 28 U.S.C. § 1406(a).

### BACKGROUND

This case involves a photograph entitled "Baby Keg" that was published on the Defendant's website. The photograph was copyrighted by Mr. Palacios on behalf of the Plaintiff, College Envy, LLC. It appears that the photograph generated a considerable stir at the time because it reportedly showed college students serving beer to an infant. It further appears that there was an investigation to see if any criminal law was violated by the individuals participating in the photograph.[1]

---

[1] It appears the photo was taken by Mr. Palacios as a family joke and no beer was consumed by the child.

According to the complaint (Docket Entry 1) the Plaintiff sent the Defendant a notice demanding that the photograph be removed (Docket Entry 9-4).[2] There was no response and the photograph remained for viewing.

The matter remained dormant between the parties until June 2, 2015, when counsel for the Plaintiff sent a demand letter (Docket Entry 20-1) stating that the subject photograph had violated the copyright law by making commercial use of the Plaintiff's copyrighted material and demanding that the Defendant respond within 20 days and offering a settlement of $150,000. Attached to the letter was a proposed complaint which the Plaintiff stated would be filed unless there was a response received within the 20-day period.

The Defendant's response was 21 days later (June 23, 2015) to file its own lawsuit against the Plaintiff in the District of Arizona, *Dirty World, LLC v. College Envy, LLC*, No. 2:15-CV-01152-JJ2).

In its Arizona complaint, Dirty World seeks declaratory judgement that the activities in publishing the photograph did not constitute an infringement and is entitled to protection under the Digital Millennium Copyright Act, 17 U.S.C. § 512, *et seq*. (DMCA). Dirty World also seeks a declaration that the photograph was fair

---

[2]The email to the Defendant stated that the photograph apparently was stolen from the copyright owner and posted by unknown individuals. It further stated that the Plaintiff was not interested in litigating the matter, but wanted the photograph removed. The photograph was not removed.

use, and finally, a declaration that placing its logo on the photograph does not constitute an infringement under 17 U.S.C. § 1202.

College Envy promptly moved to dismiss the Arizona case for lack of jurisdiction, or in the alternative, to transfer the case to the Middle District of Tennessee on July 29, 2015 (Docket Entry 12 in the Arizona case). The matter was fully briefed in Arizona.

On November 9, 2015, Judge Tuchi entered an order denying College Envy's motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer the matter to the Middle District of Tennessee. Judge Tuchi entered an extensive and well-reasoned opinion, setting out a good bit of the background of the dispute over the photograph and holding that College Envy was subject to jurisdiction in the District of Arizona, and further, after considering the various grounds for changing the venue, denying a change of venue to the Middle District of Tennessee. A copy of the Arizona complaint and Judge Tuchi's rulings are contained in the Tennessee case (Docket Entry 15, Attachments 1 and 2).

From a review of the docket sheet in Arizona, it appears that the case is set for a scheduling conference before Judge Tuchi on January 25, 2016.

The parties have fully briefed the matter in this case (Docket Entries 17, 18 and 20). The matter has been referred to me

for case management and a report and recommendation as to any dispositive matter (Docket Entry 21). This case is presently under a scheduling order (Docket Entry 15) and a trial date has been set for October 25, 2016 (Docket Entry 19).

This matter is ready for decision.

## LEGAL DISCUSSION

The Magistrate Judge believes that the Defendant's motion for a change of venue should be granted. In view of this recommendation, the Magistrate Judge does not believe that it is necessary to discuss in any detail the alternative motion of the Defendant to dismiss the case for lack of jurisdiction.

The Magistrate Judge would note that in support of the motion to dismiss the Defendant attached the affidavit of *Nik Lamas-Richie*. (Docket Entry 17-3). While this declaration purports to have a good deal of information about how Dirty World works, and why it has no real contacts with Tennessee, the Magistrate Judge did not consider it because the individual giving it provides no indication of how the information was acquired or what his job is with the company. In the second paragraph of the declaration he simply states that he is employed by Dirty World. There is no indication whether he is a high ranking officer or a janitor. From the other affidavits filed in the case (Docket Entries 17-1 and 17-2) on behalf of the Defendant, and on behalf of the Plaintiff (Docket Entry 20-2 and 20-10) it appears that although Dirty World has limited contacts with Tennessee, it nevertheless has sufficient

contacts to meet the bare minimums of *International Shoe Company v. Washington*, 327 U.S. 310 (1945). The Defendant received and posted material from all over the United States on its web site. According to the affidavit of Mr. Brooks (Docket Entry 20-10), 748 of the posts are from Tennessee, including 548 from Nashville, as well as posts from three separate universities in Tennessee. It appears that the Defendant responded to a number of the posts using the signature "Nik." (Docket Entry 20-11).

The Plaintiff also cites the Defendant actively participated in litigation against it in Memphis in the case of *Gauck v. Karamian*, 805 F. Supp. 2d, 495 (W.D. Tenn. 2011). It is interesting to note that many of the arguments Dirty World used in the Arizona case to convince the District Judge there that College Envy had sufficient contacts to be subject to the jurisdiction of Arizona apply to show cause why, when the shoe is on the other foot, Dirty World is subject to jurisdiction in Tennessee.

It appears to the Magistrate Judge that although the contacts in Tennessee for Dirty World are less than the contacts in Arizona for College Envy, nevertheless they are minimally sufficient for the Plaintiff, who has the burden of proof to establish jurisdiction. The Plaintiff shows Dirty World accepts posts from Tennessee residents and maintains information about Tennessee schools, and that it responds to various correspondence from Tennessee residents as well as soliciting advertising nation wide.

The Sixth Circuit in *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002) pointed out that while merely maintaining a web site outside of Tennessee which can be accessed by Tennessee residents does not, in itself, constitute purposeful availment of the privilege of operating in the Plaintiff's state. The fact that Dirty World shows itself as welcoming advertisement from anyone supports purposeful availment. Its site is not passive; it is interactive. The *Neogen* Court also noted that the fact that the contacts, while an insignificant percentage of the company's overall business was not determinative, the issue was whether they represented something more than random, fortuitous or attenuated contacts.

While the contacts are minimal, the Magistrate Judge nevertheless concludes that they do meet the bare minimum. Even if there were no personal jurisdiction, this Court still has the ability to transfer this case under 28 U.S.C. § 1406. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962)). The Magistrate Judge also notes that the lack of jurisdiction was presented as an alternative argument.

The Magistrate Judge will now turn to the principal argument of whether a change of venue is appropriate. The Magistrate Judge believes that under the first-to-file rule, the case should be transferred. As an initial matter, it must be noted that the first-to-file rule is not a strict rule, but is a doctrine

6

that encourages comity among courts of equal rank. *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004), this rule generally applies where: (1) the two actions involve nearly identical parties; (2) the two actions involve nearly identical issues ; and (3) no equitable reasons or special circumstances are present to defeat the first-to-file rule. *Long v. CVS Caremark Corp.*, 2010 WL 547143 at *2 (Ohio, Feb. 11, 2010). When these conditions are met the court where the first case was filed should generally proceed to judgment. *Nanologix, Inc. v. Novak*, 2013 WL 6443376 (S.D. Ohio). When the first-to-file rule is properly raised, a district court presiding over the second-filed case has four possible actions: (1) dismissing the case without prejudice; (2) transferring the second-filed case to the district in which the first-filed case is pending; (3) stay the proceedings in the second-filed case while the first-filed court decides whether to retain or relinquish jurisdiction; or (4) proceed without interruption. *Id.* at *2.

      As the Plaintiff points out in its brief, the first-to-file rule is not a hard and fast rule. It is more in the nature of a guideline. The Plaintiff strenuously argues that the Defendant jump-filed its case, rather than entering into settlement discussions, to obtain a favorable forum by suing, rather than negotiating. The Plaintiff cites the Sixth Circuit case of *Zides Sport Shop of Ohio, Inc. v. Ed Tobergate Assoc.*, 16 F. App'x 433 (6th Cir. 2001). In *Zides*, the court pointed out that while the court in which the first suit was filed generally should proceed to

7

judgment, there are exceptions. 16 F. App'x at 437. The Plaintiff who is allowed to file first does not have an absolute right to bring a declaratory judgment in the forum of his choosing. *Id.* (citing *Tempco Electric Heater Corporation v. Omega Engineering, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987)). The court further pointed out that the Sixth Circuit has never adhered to a rigid first-to-file rule. *Id.* The court noted that factors against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, and forum shopping. *Id.* (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)). The *Zides* court went on to point out the first-to-file rule should not apply where the first-to-file party acted in bad faith. *Id.* at 438. The court noted that the plaintiff in the first-to-file case there had misled the defendant by going along with written correspondence about settlement while, in fact, the plaintiff had already filed but not served a declaratory judgement action. *Id.*

In particular, the *Zides* plaintiff filed its case one day before the date the parties had negotiated as a deadline for continuing settlement discussions. *Id.* The Sixth Circuit noted that the District Court stated:

> If plaintiff's conduct was not mere deceptive gamesmanship then they would have informed the defendant that they did not intend to make another settlement offer and that they preferred to seek a judicial resolution. If it was not gamesmanship Plaintiff would not have filed suit in this court during the extension period they requested for

8

> their new counsel. If it was not gamesmanship they
> would have informed the Defendant in the March 26,
> 1999, letter that they had filed suit.

*Id.* The court also found that the defendant actually would have filed its own action much earlier had the plaintiff not requested the extension period. *Id.*

In this case there is no such misleading by the Defendant Dirty World. Counsel for the Plaintiff demanded a response within 20 days or the Plaintiff would take legal action. Defendant Dirty World waited 21 days and then filed its suit. Dirty World made no effort to negotiate or request more time to consider the demand. As Dirty World pointed out in a later email to the Plaintiff's counsel, Dirty World disputed liability and believed that this was a good case to establish legal principles concerning the DMCA.

One of the purposes of the first-to-file rule is to prevent inconsistent results of similar cases. Another purpose is to prevent the unnecessary duplication of court efforts. The District Judge in Arizona has specifically ruled that College Envy is subject to jurisdiction in Arizona and has denied its motions to transfer the case for the convenience of the parties to the Middle District of Tennessee. For this Court to deny the motion to transfer would result in two district courts trying the same facts on parallel tracks. Were this a case where the Arizona court had not ruled on jurisdiction, or the motion had been pending for an unusual amount of time, there might be a stronger argument for this

9

Court to allow this case to proceed. However, that is not the case. The Arizona court has ruled and the case is set to proceed there. The District Judge in Arizona has issued a well-written opinion stating why the case there should not be transferred for the convenience of the parties. While the Plaintiff in this case has argued that it would be more convenient for the Plaintiff to have the case tried in Tennessee, one side or the other will be inconvenienced by having the suit tried in the other's home district. This is not a case where Defendant Dirty World has picked a district where they have limited connections. Although, as the Plaintiff points out, Defendant Dirty World is a Delaware corporation, it is clear from the affidavit of its president and owner that it is headquartered in Arizona and conducts the majority of its business from that district. It is also clear that the photograph in question was taken in and initially published in Arizona. The District Court in Arizona fairly analyzed the factors for transfer.

Plaintiff College Envy argues that it is a small corporation and that it will be more expensive for the Plaintiff to litigate in Arizona, rather than in Tennessee. The Plaintiff has not presented any specific evidence about its financial status, other than to argue that it is a small company (Docket Entry 20-2).

After carefully reviewing the pleadings in both the case in Arizona and this case, the Magistrate Judge is unable to conclude that Defendant Dirty World acted in an improper way or in

any fashion misled College Envy before filing the suit in Arizona. Dirty World simply received the Plaintiff's demand for $150,000, viewed it as unreasonable and presenting an opportunity to resolve several issues about the DMCA and chose to file its action then and there, rather than engage in settlement discussions. While settlement should be encouraged, it is not required before filing suit. It should be noted that Dirty World did wait until the expiration of the 20 days given by the Plaintiff to respond before filing its lawsuit. In College Envy's memorandum, College Envy argues that Dirty World's counsel attempted to mislead College Envy about the statute of limitations, citing an email from the Plaintiff's counsel (Docket Entry 20-5). In that email counsel for Dirty World stated that he believed that the statute of limitations for filing College Envy's lawsuit suit would not expire in three years so long as the photograph remained posted. He also advised that damages would be limited to the three years prior to the filing of the case. The Magistrate Judge sees nothing misleading about this statement and, in any case, it was made after Dirty World filed its suit in Arizona.

Accordingly, the Magistrate Judge believes that the first-to-file rule should be used in this case. The District Court in Arizona has denied a motion to dismiss or transfer. It would be a waste of judicial resources to continue this litigation in two separate proceedings. Considering the four options available, for

the reasons stated above, the Magistrate Judge believes that transfer is the most appropriate.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion to transfer the case to the District Court of Arizona be granted and the case be transferred under the Court's inherent authority, or if there is a lack of personal jurisdiction, under 28 U.S.C. § 1406(a).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 6th day of January, 2016.

/s/   Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge